## People of the State of Illinois for the Use of the State Board of Health v. Mrs. Fredericka Arendt.

1. MIDWIFERY—*Practice of—A Department of Medicine.*—The practice of midwifery is an important department of medicine, and is so recognized by and is included within the provisions of the act regulating the practice of medicine in this State.

**Debt,** to recover a penalty for practicing medicine in violation of law. Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the November term, 1894. Reversed and remanded. Opinion filed June 3, 1895.

POLLOCK & CONDON, attorneys for appellant, contended that the practice of midwifery is the practice of medicine within the meaning of the statute.

In section 1 of the act, this language is used: " Be it enacted  *  *  *  that no person shall practice medicine in any of its departments in this State unless  *  *  *  "

Is not midwifery, or obstetrics, a department of the practice of medicine, and a very important department? There is no general medical work which does not devote much space to, nor a medical college which does not have a chair of obstetrics. But to show conclusively that midwifery is within the intendments of the act, section 7 provides for an examination in midwifery only, and the issuance of a certificate to those who successfully pass the examination.

LIVINGSTON & BACH, attorneys for appellee, contended that the statute is highly penal and must be strictly construed and not extended by implication to either persons or things not expressly within its terms. Reinecke v. The People, 15 Ill. App. 241; People v. Peacock, 98 Ill. 172.

It can not be extended by construction beyond its clear meaning. Raplee v. Morgan, 2 Scam. 561; Siegel v. The People, 115 Ill. 89.

Would people, ordinarily, speaking of the practice of medicine and surgery, think of including the practice of midwifery? Would they, in speaking of midwifery, think it included in the practice of medicine? If not, then midwifery can not be included in the penalty section of this statute, because the words should be taken in their natural, plain, obvious and ordinary signification and import. Herring v. Poritz, 6 Ill. App. 208; Way v. Way, 64 Ill. 406.

The title of this act is, "An Act to Regulate the Practice of Medicine in the State of Illinois." It does not mention midwifery or obstetrics, nor can it by any reasonable construction be made to include it; and, therefore, all that part of the act relating to that branch of science is unconstitutional. Midwifery is a distinct science, and is as much different from the science of medicine as is dental surgery. The legislature enacted a separate act regulating the practice of dental surgery, and should do likewise concerning the practice of obstetrics, in order to make it constitutional.

Midwifery is not the practice of medicine or surgery. "As parturition is in general a mere effort of nature, we have seen that, ordinarily, all attendants are considered as merely assisting nature, and not as performing a surgical operation, and therefore unscientific women are allowed to interfere." Chitty's Medical Jurisprudence, 420.

The practice of medicine and surgery are pursuits very generally known. "The former includes the application and use of medicine and drugs for the purpose of curing, mitigating, or alleviating bodily disease, while the functions of the latter are limited to manual operations, usually performed by surgical instruments." Smith v. Lane, 24 Hun (N. Y.), 633.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was an action of debt to recover a penalty for practicing medicine in violation of the provisions of "An act to regulate the practice of medicine in the State of

Illinois," in force July 1, 1887. The verdict was for defendant and judgment was entered accordingly, from which the present appeal is prosecuted. It appeared from the proof that defendant held herself out as a midwife and practiced in that capacity. It is urged this is not a violation of the act. We think very clearly it is.

Midwifery is an important department of medicine, and is so recognized by the act. The law-making power of the State has enacted that "No person shall practice medicine in any of its departments in this State without the qualifications required by this act." The validity of such a law is not denied, but it is urged only that the defendant had not practiced medicine within the meaning of the act. It needs no argument to show the importance of obstetrics as a department of medicine, nor the necessity that those who assume to practice in that department should possess due knowledge and skill. The welfare of their patients is certainly within the purview of the law, no less than in other departments, where, in many instances, at least, even less care and skill may be essential, and where the consequences of ignorance and unskillfulness may be less unfortunate. The services which the defendant usually rendered were not within the exceptions of "emergency or the domestic administration of family remedies," mentioned in section 10.

The judgment will be reversed and the cause remanded.